*Court of Common Pleas, Dauphin County, February 7th,* 1856.

## SEAL *v.* NORTHERN CENTRAL RAILROAD COMPANY.

The only remedy to redress a mistake in the amount of damages assessed by viewers in a suit against a railroad company is by appeal and trial by jury; the court will not pass upon this question on exceptions to the report of viewers.   The appeal should be in the same form as that from the award of arbitrators.

BY THE COURT.—Under the act of 1849, for assessing railroad damages, the report of viewers requires the *confirmation* of the court before it becomes binding on the parties, and for inadequacy or excessiveness of damages would be set aside.   Although it was always with great reluctance that this court interfered with the report of viewers on a mere question of damages, I had no doubt that we had the power so to do, and that it was our bounden duty to refuse our sanction and confirmation where the amount was grossly wrong.

We have generally declined interfering with reports, except for errors of law on the part of viewers; yet in some cases they have been set aside for excessive damages.   The act of last session gives another remedy to the dissatisfied party,—appeal from the report at any time within thirty days after confirmation by the court.   Although this act is lame and defective, furnishing no details for the mode of proceeding; yet there are some principles which can be clearly deduced from it.   The court is relieved from the duty of deciding between the dissatisfied party and the viewers by referring the question of damages to the constitutional triers of

[Seal *v.* Northern Central Railroad Company.]

such questions, a jury; and since the act went into effect, we hold that the only remedy of correcting errors of the character complained of here is by appeal.

For mistakes of law apparent on the face of the report, I have no doubt that the remedy remains as before the passage of the act. It is probable that we can also afford relief for errors of law committed by the viewers, even where the same are not apparent, but are established by testimony. But for an improper amount of damages I have no doubt that the party is driven to an appeal; and our power to relieve is taken away by the clearest and most necessary implication.

In the present case the report of the viewers has long since been confirmed *nisi;* but that is not the confirmation required by the original law, nor contemplated by the act of 1855. The party is not called on to take his appeal till thirty days after *final confirmation;* for peradventure the report might never receive the approbation of the court.

The appeal is in some respects analogous to that given from awards of arbitrators, which is the only mode of redress against an error not apparent on the face of the award (2 S. & R. 106; 4 S. & R. 141; 7 Barr, 94; 2 H. 157).

A question has been raised as to how the appeal is to be taken. The statute is silent on the subject; but we conceive that the legislature intended the general method to be pursued as in the case of appeals from the awards of arbitrators. Where the party appellant is a corporation, the course pointed out by the act of 1817, as modified by the 12th section of the act of 25th of April, 1850, may be safely pursued; and it may be requisite to make the affidavit and give the security as prescribed in such cases by those acts. We are not called on to direct the remedy in advance, as the court possesses a supervisory power, and can correct the error, if any exists, by granting the appeal.

Believing that we have no authority by law at this time to set aside the report of the viewers for the reasons assigned, the exemptions are dismissed and the report confirmed.

*Alricks, for plaintiff.*

*Kunkel, for defendant.*